NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4310
_____

GERMAN CHAJCHIC,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-530-558)
Immigration Judge: Honorable Kuyomars Q. Golparvar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 7, 2017

Before: CHAGARES, JORDAN, and HARDIMAN, *Circuit Judges*.

(Filed: September 11, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

German Chajchic petitions for review of an order of the Board of Immigration Appeals denying his application for deferral of removal under the Convention Against Torture. For the reasons that follow, we will deny the petition.

I

A native and citizen of Guatemala, Chajchic entered the United States as a refugee in 1993 and became a lawful permanent resident in 2001. While living in the United States, Chajchic joined the Ñetas criminal gang and was arrested following a 2003 shootout with members of the MS-13 gang. Chajchic cooperated with authorities and testified that he was the driver during a 2001 murder of an MS-13 member.

In May 2013, Chajchic was convicted of conspiracy with intent to distribute a controlled substance and was placed into removal proceedings as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii). Chajchic conceded removability but applied for deferral of removal under the Convention Against Torture (CAT). Chajchic claimed that upon repatriation he would be killed by MS-13 gang members and that the Guatemalan authorities would acquiesce in his killing. The Immigration Judge (IJ) denied Chajchic's application and the Board of Immigration Appeals (BIA) affirmed.

## II[1]

The IJ and BIA had jurisdiction under 8 C.F.R. § 1208.31(e). Typically, we have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a)(1). Because Chajchic is removable as an aggravated felon, however, we lack jurisdiction over his appeal except as to constitutional and legal questions. 8 U.S.C. § 1252(a)(2)(C)–(D).

To be entitled to relief under the CAT, Chajchic had to show, among other things, that it was likely that he would have been the victim of an intentional act causing severe pain or suffering. *See Pieschacon-Villegas v. Att'y Gen.*, 671 F.3d 303, 310 (3d Cir. 2011). Chajchic contends that this act would come at the hands of MS-13 gang members in Guatemala. The IJ saw it differently, finding that MS-13 would not carry out such an act because the gang would not be "interested in something that occurred over 15 years ago" and would not "even learn of [Chajchic's] deportation." App. 18. These are findings of fact which we have no jurisdiction to review. *See Huang v. Att'y Gen.*, 620 F.3d 372, 382 (3d Cir. 2010).[2]

Chajchic argues that the IJ and BIA committed legal error in making these findings by "omitt[ing] significant unrefuted credible material evidence—specifically the

---

[1] Because the BIA adopted and affirmed the IJ's decision, "we have authority to review both decisions." *Hanif v. Att'y Gen.*, 694 F.3d 479, 483 (3d Cir. 2012).

[2] The IJ also noted that, even if MS-13 did target Chajchic, there had been no showing "that the government [of Guatemala] would turn a blind eye to any harm he may face." App. 18. We have considered all of Chajchic's arguments related to this finding and find them unmeritorious.

expert witness Dr. Kirkland's report and testimony." Chajchic Br. 1. While the IJ and BIA could have erred by failing to consider "all evidence relevant to the possibility of future torture," *Pieschacon-Villegas*, 671 F.3d at 313 (quoting 8 C.F.R. § 208.16(c)(3)), no such error occurred here. The IJ summarized Dr. Kirkland's testimony at length in his oral decision, and specifically noted parts of that testimony when making factual findings. We are thus convinced that the IJ "considered all of the evidence of record," which is "all that is required." *Green v. Att'y Gen.*, 694 F.3d 503, 509 (3d Cir. 2012) (alterations omitted).

Because we lack jurisdiction to review these findings of fact and perceive no legal error, Chajchic's claim for relief under the CAT fails. We need not reach his other arguments. *See Tarrawally v. Ashcroft*, 338 F.3d 180, 188 n.10 (3d Cir. 2003).[3]

\* \* \*

We will deny Chajchic's petition for review.

---

[3] Chajchic also argues that "the IJ and BIA failed to aggregate the probabilit[ies]" of independent events when finding that MS-13 would not pursue him or know of his arrival. Chajchic Br. 37. We see no evidence of this in the agency's opinions. *See Kamara v. Att'y Gen.*, 420 F.3d 202, 212 (3d Cir. 2005) ("Agency action is entitled to a presumption of regularity, and it is the petitioner's burden to show that [an error occurred].").

4